UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MAURIEL GLOVER,           :<br>     Petitioner,              :<br>                                  :<br>v.                                :<br>                                  :<br>UNITED STATES OF AMERICA, :<br>     Respondent.          : | CIVIL ACTION NO.<br>3:13-CV-00802 (JCH)<br><br>MARCH 6, 2014 |

**RULING RE: PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE (Doc. No. 1)**

**I.     INTRODUCTION**

Petitioner Mauriel Glover ("Glover") has filed a "Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. [§] 2255" ("Pet.") (Doc. No. 1) challenging his sentence of 252 months imprisonment and 10 years supervised release for his conviction of Conspiracy to Distribute a Controlled Substance.  Glover alleges that the government failed to comply with title 21, United States Code, section 851(a)(1) by filing an untimely information and not serving said information upon Glover and his counsel prior to the entry of his plea agreement.[1]  Pet. at 10.  He also asserts that his appeal counsel's failure to raise the allegedly untimely filed information on appeal precluded him from challenging the substance of the information on the grounds that it failed to

---

[1] Glover also charges the trial court with abuse of discretion for enhancing his sentence despite the government's alleged failure to comply with section 851(a)(1), and the federal prosecutor who allegedly failed to comply with said statute with prosecutorial misconduct. "Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. [§] 2255" ("Pet.") (Doc. No. 1) at 17-22.  In his Reply Memorandum, however, Glover retracts his charge of abuse of discretion.  See Petitioner's Traverse (Reply) to the Government's Response in Which Respondent Request[s] That Petitioner's Pending Motion Pursuant to Title 28 U.S.C. [§] 2255, Be Summarily Dismissed ("Pet.'s Reply to Gov't Response") (Doc. No. 8) at 12 ("[P]etitioner voluntarily withdraws [the abuse of discretion claim] from his pending motion . . . .").

1

allege a qualifying prior conviction.  Id. 18-21.  For the reasons below, Glover cannot prevail on this petition.

## II. DISCUSSION

It first bears noting that Glover waived his right to collaterally attack his sentence through section 2255.  Glover agreed to waive this right if his sentence did not exceed 293 months, life supervised release, and a $ 4 million fine.  Response of the United States to Order to Show Cause ("Gov't Reply") (Doc. No. 5) at Ex. 2, at 4 (Glover Plea Agreement).  His imposed sentence of 252 months and 10 years supervised release does not exceed this waiver's parameters.  Judgment (Doc. No. 1224).

Second, the record before the court clearly establishes that the information enhancing Glover's sentence was filed in compliance with section 851(a)(1).[2]  Section 851(a)(1) states, in part:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or <u>before entry of a plea of guilty</u>, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1) (emphasis added).  Section 851(a)(1) has recently been construed by the Eleventh Circuit Court of Appeals to impose a mandatory filing and service requirement upon the government.  U.S. v. Ladson, 643 F.3d 1335, 1343 (11th Cir. 2011).  To comply with section 851(a)(1), the government must, before entry of a guilty plea, file with the court the information—identifying the prior convictions the

---

[2] The record also shows that Glover was repeatedly advised, both by his counsel and the government, of the information's content and its implications for his sentence prior to the information's filing and Glover's plea colloquy.  See Affidavit of H. Gordon Hall ("Hall Aff.") (Doc. No. 10) at ¶ 3; Affidavit of Deidre A. Murray (Doc. No. 11) at ¶¶ 9, 11-14.

government will rely upon in seeking a sentence enhancement—and serve a copy of the information on the defendant. U.S. v. Morales, 560 F.3d 112, 113 (2d Cir. 2009). It is the government's strict burden to prove its compliance with section 851(a)(1). Ladson, 643 F.3d at 1344. The court concludes that the government has met its burden here.

Pursuant to an Order to Show Cause from the court, the prosecuting attorney in Glover's criminal case, H. Gordon Hall, and Glover's counsel, Deirdre A. Murray, submitted affidavits recounting when the information was served on Glover. See Order (Doc. No. 9); Affidavit of H. Gordon Hall ("Hall Aff.") (Doc. No. 10); Affidavit of Deirdre A. Murray ("Murray Aff.") (Doc. No. 11). Attorney Hall states, consistent with the transcript, that the information was filed in open court at the outset of Glover's plea colloquy. Hall Aff. at ¶ 7; Plea Hearing Transcript at 3:5-11, 14:6-9, 45:5-16.[3] This is corroborated by Attorney Murray's account of the colloquy as well. Murray Aff. at ¶ 12. Attorney Hall

---

[3] The record plainly demonstrates that the information was filed before Glover entered his guilty plea, as required by section 851(a)(1). At the beginning of the proceeding, the following colloquy took place:

> [Government Counsel] MR. HALL: I believe your Honor has an information that I need to file.
> THE COURT: It's an information?
> MR. HALL: It's a notice.
> THE COURT: Oh.
> MR. HALL: If you wanted it.
> THE COURT: All right.

Plea Hearing Transcript at 3:5-11. Later, Attorney Hall states that the government has filed the information:

> MR. HALL: If Mr. Glover is convicted on the charges in Count One, and because he is - - has a prior narcotics felony on which the Government has filed an Information . . . .

Id. at 14:6-9 (emphasis added). Only later in the transcript does Glover enter his plea of guilty to Count One. Id. at 45:5-16; see 21 U.S.C. § 851(a)(1) ("[B]efore entry of a plea of guilty, the United States Attorney [must] file[ ] an information with the court . . . .").

and Attorney Murray also state that Glover was given notice of the information, prior to his plea hearing, through the following: multiple discussions between Glover and both attorneys of the potential filing of an information and the effect it would have on his sentence; multiple discussions between Glover and Attorney Murray regarding questions Glover had about his plea and the information; Attorney Murray's close review with Glover, prior to the entry of the plea, of the plea agreement, which stated that a section 851 information would be filed; and Glover's receipt of two copies of the information—one prior to the date of the plea hearing and one on the day of the hearing, before its commencement.  Hall Aff. at ¶¶ 3, 4, 6; Murray Aff. at ¶¶ 9, 11-14.  Given that the information was timely filed and served on Glover, he has no cause to assert that his appeal counsel was ineffective for failing to raise the information's timeliness on appeal.

Glover filed an untimely response to the affidavits of Attorney Hall and Attorney Murray on March 3, 2014.  Petitioner's Response to the Sworn Affidavits Submitted by Mr. Gordon Hall, Assistant United States Attorney, and Ms. Deidre A. Murray, Assistant Federal Defender ("Pet.'s Reply to Aff.") (Doc. No. 14); see Order (Doc. No. 13) (instructing that "[a]ny reply by petitioner [to the affidavits of Attorney Hall and Attorney Murray] is due no later than February 26, 2014").

In his response, he appears to argue that Attorney Hall's testimony that "[a]t the outset of the proceeding, I noted for the record that I proposed to file the information, and I handed the information to either U.S.M.J. Fitzsimmons or her courtroom deputy for filing" is inconsistent with Attorney Hall's assertion that the information was served to Attorney Murray in open court.  See Pet.'s Reply to Aff. at 1; Hall Aff. at ¶ 7; Gov't Reply

at 3.  Glover, however, neglects to cite Attorney Hall's statement, within the same affidavit, that "[i]n the courtroom, prior to the outset of the proceeding, I provided to Ms. Murray a copy of the information . . . ."  Hall Aff. at ¶ 6.  While Attorney Hall's statement that the information was served in open court on Attorney Murray may be inconsistent with his later statement that he served the information prior to the commencement of the court proceeding, this inconsistency is immaterial.  Section 851(a)(1) requires only that the information be served on the defendant and his counsel before the entry of a guilty plea, and the court has found that the record before it satisfies this requirement.

      Glover's selective quoting of Attorney Murray's affidavit, wherein she states that she has "no specific recollection of receiving" the information, does not undermine this finding.  Pet.'s Reply to Aff. at 1.  Attorney Murray's full statement was that she had no specific recollection of when she first received the information.  Murray Aff. at ¶ 10.  The remainder of Attorney Murray's testimony—including her statements that she is "certain that Mr. Glover saw the information prior to May 20, 2008," that "[Glover] would have seen it immediately prior to entering his guilty plea," and that Glover's claim that he was unaware of an information having been filed "is entirely false"—assures the court that the information at issue was timely filed and served on Glover in full compliance with section 851(a)(1).  Id. at ¶¶ 12, 13.

      Further, the substance of Glover's challenge to the information, i.e., that the prior state conviction for possession of narcotics cited in the information would not be classified under the Controlled Substance Act ("CSA") as a felony drug offense qualifying for a sentence enhancement, is legally unsound.  Petitioner's Traverse (Reply) to the Government's Response in Which Respondent Request[s] That

5

Petitioner's Pending Motion Pursuant to Title 28 U.S.C. [§] 2255, Be Summarily Dismissed (Doc. No. 8) at 8.

Glover cites Lopez v. Gonzalez, 549 U.S. 47 (2006), for its holding that a state offense is a felony under the CSA only if it proscribes conduct that would be a felony under federal law. Id.; Lopez, 549 U.S. at 60. Lopez, however, concerned the interpretation of the term "aggravated felony" under the Immigration and Nationality Act—specifically, whether an offense that was a felony under state law, but a misdemeanor under the CSA, qualified as an aggravated felony. 549 U.S. at 50, 52-53. Its holding is inapposite to Glover's sentence,[4] the enhancement of which is authorized by title 21, United States Code, section 841(b)(1)(A). Section 841(b)(1)(A) allows for a penalty enhancement where the defendant has a prior conviction for a "felony drug offense," which is defined as

> an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances.

21 U.S.C. § 802(44). Glover's prior conviction was for possession of narcotics, in violation of Connecticut General Statutes, section 21a-279(a), and was punishable by a term of imprisonment exceeding one year. Gov't Reply at 4. As such, it is a felony drug offense under the CSA and thus qualified his sentence for enhancement.

---

[4] The other cases Glover appears to believe disqualify his state conviction from a sentence enhancement are similarly inapposite, as they concern aggravated felonies under the Immigration and Nationality Act, not sentence enhancement under the CSA. See Pet.'s Reply to Gov't Response at 11 (moving the court to take notice of Alsol v. Mukasey, 548 F.3d 207 (2d Cir. 2008) and Carachuri-Rosendo v. Holder, 560 U.S. 563, 130 S.Ct. 2577 (2010)); Alsol, 548 F.3d at 219 (holding that drug possession conviction is not an aggravated felony for immigration purposes); Carachuri-Rosendo, 560 U.S. at ___, 130 S.Ct. at 2589 (holding that a defendant convicted of a possession offense that has not been enhanced based on a prior conviction has not been convicted of an aggravated felony).

### III.     CONCLUSION

For the aforementioned reasons, Glover's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. [§] 2255 (Doc. No.  1) is **DENIED**.


**SO ORDERED.**

Dated at New Haven, Connecticut this 6th day of March, 2014.

>     __/s/ Janet C. Hall_____
>     Janet C. Hall
>     United States District Judge